UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STEVEN HERRERA                                          PETITIONER

V.                               CIVIL ACTION NO. 3:25-CV-527-KHJ-MTP

WARDEN B. WINGFIELD                                     RESPONDENT

ORDER

Before the Court is Magistrate Judge Michael T. Parker's [14] Report and Recommendation. R. & R. [14]. The [14] Report recommends dismissing without prejudice pro se Petitioner Steven Herrera's ("Herrera") [1] Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. *Id.* at 2.

At the time he filed his [1] Petition, Herrera was incarcerated with the Bureau of Prisons. Pet. [1] at 1. He contends the First Step Act entitles him to time credit which the Bureau of Prisons refuses to apply to his sentence. *Id.* at 1–2. On December 17, 2025, the Clerk of Court attempted to mail an Order to Herrera, but it was returned as undeliverable. *See* Order [5]; Mail Return [10]. On January 2, 2026, the Clerk of Court attempted to mail another Order to him, but it was also returned as undeliverable. *See* Order [8]; Mail Return [12]. Respondent has since indicated that Herrera is no longer housed at Yazoo City's Federal Correctional Facility and instead lives at a Residential Reentry Center. Resp. [11] at 1.

On February 18, 2026, the Court ordered Herrera to "show cause why this action should not be dismissed for failure to advise the Court of his current

address." O.S.C. [13] at 1. Herrera failed to respond, so Magistrate Judge Parker recommends dismissing this case without prejudice for failure to prosecute and comply with the Court's order.[1] [14] at 2. Written objections to the [14] Report were due by March 24, 2026. *See id.* at 2–3. The [14] Report notified the parties that failure to file written objections by that date would bar further appeal in accordance with 28 U.S.C. § 636. *See id.* at 3. No party objected to the [14] Report, and the time to do so has passed.

The Court must review de novo a magistrate judge's report only when a party objects to the report within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1). When no party timely objects to the report, the Court applies "the 'clearly erroneous, abuse of discretion and contrary to law' standard of review." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Finding the [14] Report neither clearly erroneous, contrary to law, nor an abuse of discretion, the Court ADOPTS the [14] Report and DISMISSES this case without prejudice. In doing so, the Court has considered all arguments raised. Those not addressed would not have altered the Court's decision. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 30th day of March, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

---

[1] The Clerk of Court mailed the [14] Report to Herrera's address of record. Although the [5, 8] Orders were returned as undeliverable, the [14] Report has not been returned as undeliverable.

2